## ABRAM J. GIBSON *vs.* EBENEZER K. GIBBS.

A wagon, with patent couplings attached, used by the owner in carrying on his business of selling patent couplings, is not exempt from attachment under Rev. Sts. *c.* 97, § 22, and *St.* 1855, *c.* 264.

ACTION OF TORT against a deputy sheriff for attaching on mesne process against the plaintiff his wagon, horse and harness.

At the trial in the court of common pleas the plaintiff introduced evidence that at the time of the attachment he was engaged in selling patent couplings for carriages, of which he was inventor and patentee ; that the wagon in question was built for him expressly, with couplings attached, for the purpose of carrying on his business, and that the horse and harness were purchased by him for the same purpose ; and claimed that the wagon, horse and harness were exempt from attachment under the Rev. Sts. *c.* 97, § 22, and *St.* 1855, *c.* 264. But *Sanger,* J. instructed the jury that if the plaintiff's business at the time of the attachment was selling patent couplings for carriages, and if, in their opinion, " the wagon, horse and harness, or either of them, were tools, implements, materials, stock or fixtures necessary for carrying on his said business, they should return a verdict for the plaintiff for the value of what they found thus necessary." The jury returned a verdict for the plaintiff for the value of the wagon, and the defendant alleged exceptions.

*C. G. Stevens,* for the defendant, was stopped by the court.

*G. F. Verry,* for the plaintiff.

BY THE COURT. This case is settled by the recent decisions of this court. *Smith* v. *Gibbs,* 6 Gray, 298. *Wilson* v. *Elliot,* 7 Gray 69. The wagon was not exempt from attachment.

*Exceptions sustained.*